# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| RODERICK T. HILLIARD, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:15-CV-852 CAS |
| TERRIE COATS, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no.87602), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $17.77. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $88.83, and an average monthly balance of $34.27. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $17.77, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are correctional officers at the St. Louis City Justice Center: Terri Coats, Unknown Sutherland and Unknown Gennaro.

Plaintiff claims that plaintiff got in trouble for fighting with his cellmate, "Brooks," on October 22, 2014, and he was ordered to move to a different cell, known as 5-Alpha. He asserts that he was being taken to the 5th floor by defendant Sutherland, but all of his property in his cell was not packed up and taken with him. As plaintiff explains it, when he received his "bucket" he found that his "canteen" was missing. He states that he informed defendant Gennaro that he canteen was missing and defendant gave him his word that he would look into the matter. Plaintiff states that he never heard from defendant Gennaro about the issue again.

Plaintiff claims that that he had just gone to the commissary and spent $40.28, the prior day. He asserts that when he filed an Informal Resolution Request ("IRR") on November 6, 2014, seeking compensation of the money spent and/or return of his property, his IRR was denied by defendant Coats. Plaintiff claims that his grievance and his appeal was also denied.

Plaintiff seeks a refund of his money spent and/or a replacement of his property, and he seeks to "punish defendants" for "pain and suffering."

**Discussion**

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain

any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Moreover, the Court feels compelled to add that even if plaintiff would have named defendants in their individual capacities, his allegations would still fail to state a claim for relief. Plaintiff, in essence, alleges that the City employees violated his due process rights under the Fourteenth Amendment when they took his property. Generally, if a state provides adequate remedies to compensate individuals for wrongful property loss, there is no absence of due process. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property not actionable under section 1983 if suitable state remedy); Parratt v. Taylor, 451 U.S. 527, 542 (1981). Missouri provides adequate remedies to redress property damages. Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir.1990). Plaintiffs can sue in circuit court for replevin under Mo. S.Ct. R. 99.01 to 99.15, or they can bring a common-law claim for conversion. Hardesty v. Mr. Cribbin's Old House, Inc., 679 S.W.2d 343, 347 (Mo. Ct. App.1984). See also Knight v. M.H. Siegfried Real Estate, Inc., 647 S.W.2d 811, 814 (Mo. Ct. App.1982).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to proceed in forma pauperis are **GRANTED**. [Docs. 3 and 4]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $17.77 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that all pending motions are **DENIED as moot**.

An Order of Dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this \_\_\_18th\_\_\_ day of August, 2015.